### GUS DAVIS v. THE STATE.

No. 10551. Delivered October 13, 1926.

Rehearing denied November 24, 1926.

**1.—Murder—Statement of Facts—Filed Too Late.**

Under the revised statute of 1925, C. C. P. Art 760, the statement of facts must be filed not more than 90 days after the notice of appeal is given. In the case before us the statement of facts was filed 124 days after notice of appeal, and cannot be considered. Appellant's bills of exception, dependent upon facts introduced in evidence, in the absence of a statement of facts, cannot be appraised.

**2.—Same—Statute Construed—Revision of 1925—Defining Murder.**

While there was some rearrangement of the language in the codification giving the definition of murder in the revision of 1925, which embraced some changes in wording of the definition of murder, as defined in the statute prior to this revision, such change in the language in the codification did not make any difference in the sense, or change the law, in any material part.

ON REHEARING.

**3.—Same—No Error Shown.**

On rehearing the showing made by appellant in connection with his motion is not sufficient to justify us in setting aside the plain mandate of our statute in regard to the time in which a statement of facts must be filed to entitle it consideration, and the motion is overruled.

Appeal from the District Court of Rockwall County. Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction of murder, penalty ninety-nine years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Rockwall County of murder; punishment, ninety-nine years in the penitentiary.

The trial term of the court below adjourned on the 11th day of June, 1926. The statement of facts herein was not filed in the office of the district clerk until October 4, 1926. This was manifestly after the time allowed by statute for such filing. The statement of facts can not be considered.

There was an exception taken to the definition of murder given in the court's charge. The court gave the definition of murder as same appeared in our statute prior to the adoption of the codified statutes of 1925. We do not think the rearrangment of the language in the codification makes any difference in the sense, or changes the law in any material part. Two other exceptions to the charge of the court can not be considered because dependent upon facts introduced in evidence which are not before us. What we have just said applies to appellant's bills of exception Nos. 2, 3 and 4. In the absence of the facts we are unable to appraise the weight of the matters set up in said bills.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—It is a matter of much regret to this court that we can not consider the statement of facts. The showing made by appellant in connection with his motion is not sufficient to justify us in setting aside the plain mandate of our statutes in regard to the time in which a statement of facts must be filed to entitle it to consideration.

The motion will be overruled.

*Overruled.*